# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 25-CR-197-JFH-5 |
| TRINITY RINIQUE GOUDEAU, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is a Motion to Reconsider Order Granting Motion to Declare Case Complex and Continue Trial, or in the Alternative, Motion to Sever ("Motion") filed by Defendant Trinity Rinique Goudeau ("Defendant Goudeau"). Dkt. No. 166. Specifically, Defendant Goudeau requests that the Court reconsider its July 9, 2025 Opinion and Order ("July 9 Order") [Dkt. No. 161] granting the Government's Partially Opposed Motion to Declare Case Complex and to Enter a New Scheduling Order ("Motion to Declare Case Complex") [Dkt. No. 141]. In the alternative, Defendant Goudeau requests to sever from her co-defendants under Federal Rule of Criminal Procedure 14(a) to "preserve her statutory and constitutional rights to a speedy trial." *Id.* The Government filed a response in opposition.[1] The Motion is now ripe for decision.

## BACKGROUND

On June 3, 2025, Defendant Goudeau was charged by indictment with Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c), and Interstate Travel to Aid

---

[1] Following a minute order entered by this Court [Dkt. No. 183], the Government supplemented its response to address the factual representations Defendant Goudeau made regarding discovery in this case. Dkt. No. 184. Upon review of the supplementation, the Court is satisfied that the Government accurately characterized the discovery as voluminous in its Motion to Declare Case Complex.

Racketeering, in violation of 18 U.S.C. § 1952(a)(3). Dkt. No. 2. The indictment named seven (7) other co-defendants and included five (5) total counts. On July 8, 2025, a superseding indictment was filed to include thirteen (13) total counts. Dkt. No. 150. In addition to the charges in the original indictment, Defendant Goudeau was additionally charged in the superseding indictment with two (2) counts of Sex Trafficking a Minor, in violation of 18 U.S.C. § 1591(a)(1) and 1591(b)(2), Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(a)(2), and 1591(b)(1), and Transporting an Individual for Prostitution, in violation of 18 U.S.C. § 2421(a). *Id*.

This case was originally set for trial on the Court's August 18, 2025 jury trial docket. Dkt. No. 134. On July 7, 2025, the Government filed its Motion to Declare Case Complex. Dkt. No. 141. The Motion to Declare Case Complex was opposed by Defendant Goudeau alone. *Id*. at 2. Co-defendant Jeremy Ruff took no position on the Motion to Declare Case Complex and the remaining co-defendants had no objection. *Id*. On July 9, 2025, the Court granted the Motion to Declare Case Complex and continued the trial to the Court's February 23, 2026 jury trial docket. Dkt. No. 161. Defendant Goudeau now asks the Court to reconsider the July 9 Order or, alternatively, to sever Defendant Goudeau from her co-defendants to allow her to remain on the August 18, 2025 jury trial docket.

## DISCUSSION

### I.    Motion to Reconsider

Although not explicitly provided for in the Federal Rules of Criminal Procedure, motions to reconsider are proper and cognizable in criminal cases. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). However, these motions are generally considered to be extraordinary relief, and the trial court has discretion in determining whether such a motion should be granted or denied.

*See e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Grounds warranting a motion to reconsider are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. at 1012. Additionally, reconsideration may be appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

Here, Defendant Goudeau argues that the Court erred in determining that the case should be declared complex. Specifically, Defendant Goudeau argues that the Court did not make sufficient findings as to the complexity of the case or sufficiently justify the length of the continuance.

In declaring a case complex, the Court must determine "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" 18 U.S.C. § 3161(h)(7)(B)(ii). A district court's findings are sufficient to justify an ends-of-justice continuance where the district court sets forth what factors it relied upon when making its determination, which may include the number of defendants, the volume of discovery, and the ongoing nature of the investigation. *See e.g., United States v. Gordon*, 710 F.3d 1124, 1158 (10th Cir. 2013) (citing *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir.2009) and U*nited States v. Larson,* 627 F.3d 1198, 1203 (10th Cir.2010)). It is also appropriate for the district court to reference and rely upon the government's motion to declare the case complex in making such a determination. *Id*.

In the July 9 Order, the Court stated that it considered the number of defendants, the number of victims, the volume and variety of discovery, and the ongoing nature of the case investigation.

The Court clearly and specifically identified the factors it considered when determining the complexity of the case and the need for an ends-of-justice continuance. In reviewing the July 9 Order, the Court finds that it made sufficient findings as to the complexity of the case. For these reasons, Defendant's Motion is denied and the complex designation for this case remains.

However, the Court notes that, due to Defendant Goudeau's objection to the Motion to Declare Case Complex, the continuance as to Defendant Goudeau specifically is more properly made pursuant to 18 U.S.C. § 3161(h)(6). *See  United States v. MGP Ingredients, Inc*., No. 19-40021-DDC, 2019 WL 3318363, at *3 (D. Kan. July 24, 2019) (finding that the applicable exclusion for a co-defendant objecting to a motion to declare case complex is § 3161(h)(6)) (citing *In re Robinson*, 713 F. App'x 764, 767, 767 n.5 (10th Cir. 2017) (finding that § 3161(h)(6) "clearly applies . . . [where the objecting defendant] has multiple codefendants, no severance has been granted, and the time for trial has not run because the district court granted a 180-day ends-of-justice continuance based in part on the existence of those codefendants.")). Pursuant to § 3161(h)(6), time may be excluded for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). "An exclusion for delay attributable to one defendant is applicable to all co-defendants." *United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) (internal quotation marks omitted).

Here, Defendant Goudeau is joined for trial with multiple co-defendants, no severance has been granted, and the time for trial has not run due to an ends-of-justice continuance granted in the case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). Clearly, § 3161(h)(6) is applicable here. Therefore, the Court notes that in addition to declaring the case complex pursuant to § 3161(h)(7)(B)(ii), the continuance as to Defendant Goudeau is also made pursuant to

§ 3161(h)(6).

Under § 3161(h)(6), the Court must also consider whether the continuance is for a "reasonable period of delay." "In determining reasonableness of the period excluded, all relevant circumstances must be considered." *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986). In particular, the Tenth Circuit has provided three factors to evaluate: (1) "whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to 'accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.'" *Vogl*, 374 F.3d at 984 (quoting *United States v. Olivo*, 69 F.3d 1057, 1061 (10th Cir. 1995)).

Here, Defendant Goudeau is not on pretrial release and has zealously pursued a speedy trial as evidenced by filing the instant motion. The first two factors weigh in favor of Defendant Gourdeau. However, the third factor tips the scale in the opposite direction. As determined by the July 9 Order, this case is complex. The basis of this case is a sex trafficking operation allegedly carried out by the eight (8) co-defendants and involving at least fifteen (15) victims, including three (3) minor victims. *See* Dkt. No. 161. The sex trafficking operation spans over at least two (2) years and across six (6) states. *See* Dkt. No. 177 at 6-7. Discovery is voluminous. Much of the advertisement and communication for the sex trafficking operation was done electronically, which requires the forensic processing and extraction of data from at least eighteen (18) cell phones. Dkt. No. 141 at 3. A combined total of forty-five (45) social media accounts have also been returned as a result of search warrants. *Id*. Discovery is not yet complete, and discovery is expected to be produced in several batches. *Id*. at 4. Based upon the number of defendants, victims, and witnesses, and the size of the discovery in this matter, the Court anticipates significant prosecutorial and judicial resources will be required in trying this case. For this reason, the Court

5

finds that a 180-day continuance is a reasonable period of delay necessary to accommodate the efficient use of prosecutorial and judicial resources in trying the co-defendants in a single trial. Accordingly, the scheduling order set forth in the July 9 Order [Dkt. No. 161] will remain.

## II.    Motion to Sever

In considering a motion to sever, two rules are relevant:   Federal Rules of Criminal Procedure 8(b) and 14(a).  First, Fed. R. Crim. P. 8(b) "permits an indictment to charge two or more defendants 'if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.'" *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009) (quoting Fed. R. Crim. P. 8(b)); *cf.* Fed. R. Crim. P. 13 ("The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."). Rule 8(b) embodies a "preference in the federal system for joint trials of defendants who are indicted together." *Pursley*, 577 F.3d at 1215 (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)) (internal quotation marks omitted).  It is likewise preferred that in a conspiracy trial all persons charged together be tried together.  *See United States v. Stiger*, 413 F.3d 1185, 1197 (10th Cir. 2005) (citing *United States v. Scott*, 37 F.3d 1564, 1579 (10th Cir. 1994)).

Next, Fed. R. Crim. P 14(a) provides that "a court 'may' sever the trials of more than one defendant if joinder 'appears to prejudice a defendant or the government.'" *Pursley,* 577 F.3d at 1215 (quoting Fed. R. Crim. P. 14(a)).  Prejudice for the purpose of Rule 14(a) must be "actual prejudice." *United States v. Caldwell,* 560 F.3d 1214, 1221 (10th Cir. 2009). Meaning that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making

a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539.

Here, Defendant Goudeau argues that her right to a speedy trial would be compromised if she is not severed from her co-defendants. Defendant is charged in an eight-defendant sex trafficking conspiracy case. The Court recognizes the preference for all persons charged in a conspiracy to be tried together. The Court has determined the complexity of this case and the reasonableness of the period of delay. The Court also acknowledges the significant prosecutorial and judicial resources that will be required in trying this case—many of which would be duplicated if Defendant Goudeau were tried in a separate trial. The Court has found that a continuance of the trial as to Defendant Goudeau is proper and reasonable under § 3161(h)(6) and, therefore, does not deny Defendant Goudeau her right to a speedy trial. For these reasons, the Court denies Defendant Goudeau's motion to sever.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Goudeau's Motion to Reconsider Order Granting Motion to Declare Case Complex and Continue Trial, or in the Alternative, Motion to Sever [Dkt. No. 166] is DENIED.

Dated this 24th day of July 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE